UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAUN GARVEY,

          Plaintiff,

 v.                   5:17-CV-1258
                            (BKS/ATB)
MORGAN COMMUNITIES,

         Defendant.

---

SHAUN GARVEY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a civil rights complaint brought pursuant to 42 U.S.C. § 1983 and exhibits in support of the complaint. (Dkt. Nos. 1, 4). Plaintiff has also filed motions to proceed in forma pauperis ("IFP").[1] (Dkt. Nos. 2-3).

**I. IFP Application**

A review of plaintiff's motions to proceed IFP shows that plaintiff has failed to properly complete either document, and the documents contain conflicting information even though they were filed on the same day. (Dkt. Nos. 2, 3). In plaintiff's first motion, he states that, in the past twelve months, he has received money from gifts or inheritances, but does not answer the question regarding the description of such money. (Dkt. No. 2 ¶ 3(f)). However, in the second motion, he states that he has not received money from gifts or inheritances. (Dkt. No. 3 ¶ 3(f)). In plaintiff's first motion, he states that he has cash in a checking account, and the amount "Depends $100-$1000,"

---

[1] Plaintiff has filed two separate documents with respect to his IFP status. The second motion appears to be more complete. (Dkt. No. 3). The court will review both documents in making its finding as to plaintiff's finances.

while in the second motion, he states that he has $1000 in his account. (Dkt. Nos. 2, 3, ¶ 4). In plaintiff's first motion, he states that he has no real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value. (Dkt. No. 2 ¶ 5). In plaintiff's second motion, he has answered "Yes" to this question, but does not describe the property or its approximate value. (Dkt. No. 3 ¶ 5). The rest of plaintiff's second motion seems to be completed correctly. However, with such conflicting information, this court cannot determine whether plaintiff meets the financial criteria for proceeding without payment of fees.

Normally, the court would allow plaintiff to submit a properly completed form. However, notwithstanding the deficiencies in plaintiff's application, the court will continue with its analysis because the court finds that plaintiff fails to state a claim and will recommend dismissal of this action.

In addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has

a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

**II.   Facts**

Plaintiff does not recite many of his facts in full sentences, but the court will attempt to determine what plaintiff is claiming by reviewing the complaint and the exhibits that plaintiff has filed in support of the complaint. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein). Plaintiff is suing Morgan Communities ("MC") for "wrongful eviction." (Complaint ("Compl." ¶ 4) (Dkt. No. 1). MC is the owner of the apartment complex in which he lived. (*Id.*) He states that defendant MC committed fraud and made false accusations to the police and to the "court system." Plaintiff also mentions libel and slander, which allegedly "caused the eviction,"

3

emotional distress, and "rent lease ejectment." (*Id.*)

Plaintiff has used a form-complaint for actions brought under 42 U.S.C. § 1983, which contains a section entitled "Causes of Action." (Compl. ¶ 5). Plaintiff has filled in "Causes of Action," but the statements are more in the nature of additional facts. Plaintiff claims that defendant MC caused his wrongful eviction, and "[the] Judge is not willing to evaluate [the] case. (*Id.*) Plaintiff states that "they docketed"[2] a lease which "dis-includes" plaintiff.

Plaintiff also alleges that the false police reports contained statements "against" the plaintiff which damaged him, and the wrongful eviction caused emotional distress. Plaintiff states that based on the false reports, "they have caused negligence in conduct along with perjury on documents. Plaintiff claims that there was no evidence for the "judge" to grant eviction. In a footnote, marked with an asterisk, plaintiff apologizes for the "excessive documents" that he has filed in support of the complaint, but blames this on "Judge Lauri"[3] and his lack of knowledge of tenancy laws. (Compl. at CM/ECF p.4). Plaintiff states that he has been "fighting to be heard on this eviction." (*Id.*) Plaintiff seeks substantial monetary damages. (Compl. ¶ 6).

### III. Jurisdiction

    **A.    Legal Standards**

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March

---

[2] It is unclear whether plaintiff means to allege that MC "docketed" or the court "docketed" the lease.

[3] Plaintiff is referring to the Hon. Brian J. Lauri, Town Justice in Clay, New York. http://www.townofclay.org/government/court.

1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 562 U.S. 428, 434-35 (2012); *Henderson ex rel. Henderson v. Shinseki*, 428 U.S. 428, 434-35 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

When a plaintiff is pro se, the court must interpret the complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, *supra*.

B.   **Application**

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Plaintiff has filed this case, using a form for civil rights actions under 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color

of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

MC is the only named defendant in this action. Plaintiff claims that MC wrongfully caused plaintiff's eviction from an apartment in which he was living with Diane Garvey. A review of the many documents that plaintiff has included as exhibits has helped the court piece together what plaintiff may be attempting to allege. It appears that he may have shared an apartment with his mother in a complex owned or managed by MC. (Dkt. No. 4). Plaintiff's exhibits include copies of the lease to which he refers in the complaint. (Dkt. No. 4 at 2-7). The lease shows only Diane Garvey as the tenant and is signed only by her. (Dkt. No. 4 at 2). There are handwritten notes on the lease, and it appears that there is more than one copy of the same lease included in the exhibits. Plaintiff has also included various addenda to the lease, including the "Rules and Regulations Addendum," listing the tenant as Diane Garvey. (*See e.g.* Dkt. No. 4 at 11-24). Plaintiff has also included a "Residency Application" that lists him as another occupant and another "Residency Application," listing plaintiff as a "Co-

Applicant," both dated the same day in July of 2017. (Dkt. No. 4 at 41). Plaintiff has also included some of his medical records. (*See e.g.* Dkt. No. 4 at 46 - dated 9/25/17). Without enumerating the remaining documents, it is clear that plaintiff is attempting to show that he was a lawful resident of the apartment in question, and that the management was well-aware of his presence. (*See e.g.* Dkt. No. 4 at 55, 56, 64-65, 71).

MC appears to be a private corporation. Neither the complaint, nor any of the documents filed in support of the complaint indicate that MC is a state actor or was acting under color of state law when the company dealt with plaintiff. Plaintiff does not allege otherwise in any of the exhibits he attaches. While the exhibits do contain police reports, containing complaints by managers of the complex against plaintiff, such conduct does not convert private action into state action. *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014) (citation omitted) (requesting police assistance and providing information that ultimately led to an arrest did not make leasing company a joint participant in state action). Thus, MC did not act under color of state law in its dealings with plaintiff. The complaint must be dismissed as to MC based on a lack of jurisdiction under section 1983.

IV. **Supplemental Jurisdiction**

Plaintiff mainly appears to allege state law causes of action, including "emotional distress," fraud, slander, and libel. Such claims could only be brought in federal court as claims that are supplemental to a federal claim or if plaintiff could establish diversity of citizenship. *See* 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1367 (supplemental jurisdiction).

It does not appear that there is diversity of citizenship with the defendant,[4] and because the court is recommending dismissal of any section 1983 claim,[5] the court should decline to exercise supplemental jurisdiction over state law causes of action, to the extent that such causes of action could be interpreted from the conclusory allegations in plaintiff's pleadings.

## V.     *Rooker-Feldman*

### A.     Legal Standards

Under the *Rooker Feldman*[6] doctrine, federal courts lack subject matter jurisdiction over cases that "'essentially amount to appeals of state court judgments.'" *Redmond v. Bank of New York Mellon Corp.*, 697 F. App'x 23 (2d Cir. 2017) (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). The doctrine also bars the federal court from considering claims, whether or not raised in state court, that assert injury based on a state judgment and seek review and reversal of that judgment. *Hensel v. City of Utica*, 6:15-CV-374 (LEK/TWD), 2016 WL 1069673, at *4 (N.D.N.Y. March 16, 2016) (citing *Hoblock v. Albany Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)). Such claims are "inextricably intertwined" with the prior state

---

[4] Diversity jurisdiction requires that plaintiff and defendant be citizens of different states. 28 U.S.C. § 1332. Plaintiff is clearly a resident of New York State. Plaintiff's proposed summons lists MC's address as "Pitsford, NY . . . ." (Dkt. No. 2-1). Thus, MC is a citizen of New York State, and diversity of citizenship is not alleged.

[5] It actually does not appear that plaintiff is alleging any federal constitutional claims in the complaint. In a letter or memorandum to the state court judge in plaintiff's eviction case, plaintiff argues for reconsideration of the order, stating that he is "owed some due process, in some capacity," however, there are very few specific claims of any "due process" violations, and in any event, this mention of "due process" relates to the state court judgment which is discussed below.

[6] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

court determination. *Id.*

There are four requirements that signal the proper application of the doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites the federal court to review and reject the state court decision; and (4) the state court judgment was rendered before the district court proceedings. *Redmond*, *supra* (quoting *Vossbrinck*, *supra*). In *Redmond*, the Second Circuit applied the *Rooker Feldman* doctrine to dismiss the plaintiffs' challenge to a state court foreclosure action, finding that plaintiffs essentially sought review of state court's foreclosure order, and denying the application of any exception for judgments allegedly obtained through fraud, deception, accident, or mistake. *Id.*

**B.  Application**

Because the claims in this complaint are so conclusory, the court can only piece together the facts surrounding the eviction. The status of the state court eviction action is also unclear, but it appears to have been completed. Plaintiff is not named in the lease, nor was he specifically named in the letter from MC's attorney giving Diane Garvey three days notice of Tenancy Termination. However, the letter states that it is addressed to "Diane Garvey, Tenant(s) and/or assigns, and every person in possession of the premises . . . ." (Dkt. No. 4 at CM/ECF p.86). Plaintiff clearly was living in his mother's apartment and could be considered "in possession of the premises."[7]

Plaintiff has attached many of the documents that may have been used during the eviction proceedings, but plaintiff does not describe the proceedings. He does include a

---

[7] Diane Garvey is not listed as a plaintiff in this case.

copy of the "Petition to Recover Real Property," filed in the Clay Town Court, dated October 10, 2017. (Dkt. No. 4 at 87). Plaintiff's exhibits indicate that his behavior was one of the reasons for the eviction, and plaintiff has included what appears to be a memorandum that he states "was provided to Judge Brian Lauri who refused to re-evaluate case." (Dkt. No. 4 at 111-20, 113- contains "post-it' note regarding Judge Lauri). Plaintiff has also attached a form-Order to Show Cause, to which plaintiff attached a "post-it" note entitled "Petition to Reopen" that plaintiff claims was "denied" by Judge Lauri. (Dkt. No. 4 at 107). At the top of the document, plaintiff has hand-written "Denial via Judge not allowing reentry." (*Id.*) The petition is dated November 11, 2017, and this action was filed on November 15, 2017. (*Id.*)

If there is a state court "judgment," it is clear that plaintiff lost in state court, fulfilling the first requirement for the application of *Rooker Feldman*. To the extent that plaintiff alleges "wrongful eviction," that Judge Lauri lacks knowledge of the "Tenancy Laws," and that plaintiff has been "fighting to be heard on this eviction," he appears to be challenging the state court's decision to evict him or Judge Lauri's apparent decision not to "re-evaluate" the case. (Compl. ¶ 5 & CM/ECF pp. 3-4).

Plaintiff's "First Cause of Action" states that defendant MC has caused "wrongful eviction, and [a] judge is not willing to evaluate [the] case." (Compl. ¶ 5 - First Cause of Action). Plaintiff's "Second Cause of Action" claims that plaintiff emotional distress was caused "via unlawful eviction." (Compl. ¶ 5 - Second Cause of Action). Plaintiff's "Third Cause of Action" states that all the slander and libel and "untrue statements" have allowed the judge to "grant eviction." (Compl. ¶ 5 - Third Cause of Action). Each of plaintiff's causes of action are based, in part, on his claim

that he was unlawfully evicted.

The papers that plaintiff has submitted as exhibits all appear to be connected to the eviction proceedings, including the memorandum that plaintiff states he wrote to Judge Lauri. Thus, plaintiff appears to be attempting to challenge the "judgment" of the state court. He also complains that his damages have been caused, at least in part, by the state court judgment, and in order to grant plaintiff's relief, this court would have to find that the state court judgment was invalid. To the extent that the complaint can be interpreted as a challenge to Judge Lauri's decision, and to the extent that the judgment was filed prior to plaintiff filing this action, any such claims would be barred by *Rooker Feldman*.

## IV.   Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile. Plaintiff would still be unable to state a federal claim against this defendant, and any attempt to challenge the state court's eviction decision would still be barred by *Rooker Feldman*.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's applications to proceed IFP (Dkt. Nos. 2 & 3) are **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED IN ITS**

**ENTIRETY WITHOUT PREJUDICE,**[8] **BUT WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e) (2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 22, 2017

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[8] In *Charles v. Levitt*, No. 16-2902, __ F. App'x __ , 2017 WL 5495510, *1-3 (2d Cir. Nov. 16, 2017), the Second Circuit held that "the *Rooker-Feldman* doctrine implicates federal courts' subject matter jurisdiction, rather than the substantive merits of a case, . . . [and] 'where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.'" *Id.* at *3 (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)). This is true even if there are other bases for dismissal such as in this case.

12